**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------x
::
MATTHEW ALLARD, Individually and on : No. _____
behalf of himself and all others similarly :
situated, :
:
Plaintiff, : Jury Trial Demanded
v. :
:
ROUND ROBIN OPERATIONS, LLC, ROUND :
ROBIN, LLC, ROUND ROBIN OF CORBINS :
CORNER, LLC, ROUND ROBIN OF :
ENFIELD, LLC, ROUND ROBIN OF :
HOLYOKE, LLC, ROUND ROBIN OF :
MANCHESTER, LLC, ROUND ROBIN OF :
MILFORD, LLC, ROUND ROBIN OF :
MILLBURY, LLC, ROUND ROBIN OF :
SOUTHINGTON, LLC, ROUND ROBIN OF :
WATERFORD, LLC, ROUND ROBIN OF :
WILBRAHAM, LLC, AND RICHARD :
SHELDON, :
:
Defendants. :
:
------------------------------------x

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Matthew Allard, individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendants Round Robin Operations, LLC, Round Robin LLC, Round Robin of Corbins Corner, LLC, Round Robin of Enfield, LLC, Round Robin of Holyoke, LLC, Round Robin of Manchester, LLC, Round Robin of Milford, LLC, Round Robin of Millbury, LLC, Round Robin of Southington, LLC, Round Robin of Waterford, LLC, Round Robin of Wilbraham, LLC (collectively, "Round Robin"), and Richard Sheldon (together with Round Robin, "Defendants") seeking all available relief under

1

the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other current and former salaried paid managers below the level of Assistant General Manager and Kitchen Manager ("Assistant Managers" or "AMs"), and similarly situated current and former employees holding comparable positions but different titles employed by Defendants in the United States during the three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period") and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Defendants are registered to transact business in this District, and Defendants operate restaurants in this District.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*The Plaintiff*

5. Plaintiff is an individual residing in Harrisville, Rhode Island.

6. During all relevant times, Plaintiff was employed by Round Robin as an AM from May 2016 to September 2017 and worked at Round Robin restaurants located in Millbury, Massachusetts and Enfield, Connecticut.

7. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

8. Plaintiff worked in excess of 40 hours per workweek without receiving overtime compensation as required under the federal and state laws.

*The Defendants*

9. Defendant Round Robin Operations, LLC is a Connecticut corporation with its principal place of business in East Hartford, Connecticut. It is a franchise of Red Robin International, Inc., which operates the restaurants of Red Robin Gourmet Burgers, Inc.

10. Upon information and belief, Defendant Round Robin Operations, LLC and Defendant Round Robin, LLC operate as one entity.

11. Upon information and belief, Defendants Round Robin of Corbins Corner, LLC, Round Robin of Enfield, LLC, Round Robin of Holyoke, LLC, Round Robin of Manchester, LLC, Round Robin of Milford, LLC, Round Robin of Millbury, LLC, Round Robin of Southington, LLC, Round Robin of Waterford, LLC, and Round Robin of Wilbraham, LLC are subsidiaries of Defendant Round Robin Operations, LLC and Defendant Round Robin, LLC.

12. Defendant Round Robin of Corbins Corner, LLC is incorporated in the State of Connecticut, conducts business in West Hartford, Connecticut, and may be served with process

on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

13. Defendant Round Robin of Enfield, LLC is incorporated in the State of Connecticut, conducts business in Enfield, Connecticut, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

14. Defendant Round Robin of Holyoke, LLC is incorporated in the State of Connecticut, conducts business in Holyoke, Massachusetts, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

15. Defendant Round Robin of Manchester, LLC is incorporated in the State of Connecticut, conducts business in Manchester, Connecticut, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

16. Defendant Round Robin of Milford, LLC is incorporated in the State of Connecticut, within the relevant time period conducted business in Milford, Connecticut, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

17. Defendant Round Robin of Millbury, LLC is incorporated in the State of Connecticut, conducts business in Millbury, Massachusetts, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

18. Defendant Round Robin of Southington, LLC is incorporated in the State of Connecticut, within the relevant time period conducted business in Southington, Connecticut, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

19. Defendant Round Robin of Waterford, LLC is incorporated in the State of Connecticut, within the relevant time period conducted business in Waterford, Connecticut, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

20. Defendant Round Robin of Wilbraham, LLC is incorporated in the State of Connecticut, conducted business in Wilbraham, Massachusetts, and may be served with process on its registered agent MCR&P Service Corporation at Murtha Cullina LLP, City Place I, 185 Asylum Street, Hartford, Connecticut, 06103-3469.

21. Defendant Richard Sheldon resides in Farmington, Connecticut.

22. Round Robin is managed by Defendant Sheldon.

23. Upon information and belief, Defendant Sheldon, at all times during the FLSA relevant period through the date of this Complaint, was the corporate officer with operational control over Round Robin.

24. Upon information and belief, at all times during the FLSA relevant period, Defendant Sheldon exercised significant operational control over the corporate functions of Round Robin.

25. During one or more weeks of Plaintiff's AM employment, Defendants Round Robin Operations, LLC and/or Round Robin, LLC, under the operational control of Defendant Sheldon, jointly employed Plaintiff and the Collective Action Members under the FLSA, as a

joint employer and/or joint enterprise with each separate corporate entity created for each Red Robin restaurant location managed and operated by Round Robin Operations, LLC and/or Round Robin, LLC including but not limited to each entity named as Defendants in this action, including jointly employing with Defendants Round Robin of Enfield, LLC and Round Robin of Millbury, LLC, Plaintiff during his period of employment as an AM at the Enfield, Connecticut and Millbury, Massachusetts restaurant locations.

26. During one or more weeks within the FLSA relevant period, each of the entities named as Defendants in this pleading was an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

28. At all times material to this action, each Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

29. Upon information and belief, at all times during the FLSA relevant period, Defendant Sheldon was responsible for classification of Plaintiff and the AMs as exempt from the overtime laws, and for payment to Plaintiff and the AMs for hours worked, as a corporate officer with operational control of the enterprise that employed Plaintiff and the AMs, and may therefore be held liable in an individual capacity as an "employer," as defined by the FLSA, for the failure to pay overtime compensation to Plaintiff and the AMs in violation of § 207 of the FLSA.

30. At all times relevant herein, Defendants have been employers within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

31. Defendant Round Robin Operations issued paychecks to Plaintiff and all similarly situated AMs during their employment.

32. Defendants suffered, permitted or directed the work of Plaintiff and similarly situated AMs, and Defendants benefited from work performed by Plaintiff and similarly situated AMs.

33. Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiff and other similarly situated AMs proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

34.     Defendants jointly employed Plaintiff and the similarly situated Collective Action Members as AMs.

35.     Defendants maintain control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the Collective Action Members.

36.     Plaintiff and the Collective Action Members performed work as AMs that was integrated into the normal course of Defendants' business.

37.     Consistent with Defendants' policy, pattern and practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages in violation of the FLSA.  For example, Plaintiff worked more than 40 hours during the first week of August 2017.

38.     Round Robin assigned all of the work performed by Plaintiff and the Collective Action Members and is aware of all the work that they have performed.

39.     This work required little skill and no capital investment.  Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

40.     During the three years preceding the date of filing this Complaint to the entry of judgment in this case ("the Collective Action Period") Plaintiff and the Collective Action Members performed the same primary job duties:  preparing food, helping and serving customers, bussing tables, cleaning the restaurants, checking to make sure that supplies were properly shelved and checking inventory.

41. Throughout the Collective Action Period, the primary job duties of Plaintiff and all similarly situated Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

42. The primary job duties of Plaintiff and the Collective Action Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

43. Pursuant to a centralized, company-wide policy, pattern and practice, Round Robin classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA.

44. Upon information and belief, Round Robin did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

45. Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiff and similarly situated AMs worked. The wages of Defendants' restaurant-level employees were deducted from the labor budgets. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant. Defendants knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiff and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

46. Defendants knew, by virtue of the fact that its General Managers (as its authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendants knew that Plaintiff and other similarly situated AMs were primarily performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA exemption. Inasmuch as Round Robin is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

47. Defendants are aware or should have been aware, through the General Managers (as its authorized agents), that AMs were primarily performing non-exempt duties. Defendants also knew or recklessly disregarded the fact that the FLSA required them to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

48. Defendants' unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

49. As part of its regular business practice, Round Robin intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern, and practice includes, but it is not limited to, Round Robin's knowledge of its obligations and the kind of work that Plaintiff and the Collective Action Members were, and have been, performing. As a result, Defendants have:

    a.    willfully misclassified Plaintiff and the Collective Action Members;

b.  willfully failed to pay Plaintiffs and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and

c.  willfully failed to provide enough money in their store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing AMs to perform additional non-exempt tasks.

50. Defendants' willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendants have failed to maintain accurate and sufficient time records for Plaintiff and the similarly situated members of the Collective Action. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and practice that did not allow Plaintiff to record all hours worked.

51. Due to the foregoing, Round Robin's failure to pay overtime wages for work performed by the Collective Action Members in excess of 40 hours per workweek was willful or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Round Robin as AMs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case.

53. Round Robin is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees for all hours over 40 worked in any given workweek.

54. There are many similarly situated current and former Collective Action Members who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

55. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**FIRST CAUSE OF ACTION**
**(FLSA:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

56. Plaintiff, on behalf of himself and all Collective Action Members, re-alleges and incorporates by reference the foregoing paragraphs as if they were set forth again herein.

57. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

59. Round Robin has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

61. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Round Robin.

62. At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay premium overtime compensation to their AMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

63. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65. As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for its restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

66. Due to Defendants' (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the similarly situated Collective Action Members; (c) actual knowledge, through its General Managers that the primary duties of Plaintiff and the similarly situated Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-

person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties; and (e) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

67. As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled (a) to recover from Defendants unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendants' willful or reckless violations of the FLSA; and (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

68. Round Robin's violations of the FLSA have been willful or reckless, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. A declaratory judgment that the practices complained of are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

d. An award of liquidated and punitive damages as a result of Round Robin's willful or reckless failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

g. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: September 30, 2019   By:   /s/ Fran R. Rudich
Seth R. Lesser
Fran L. Rudich
Alexis H. Castillo (to seek admission *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
Email: fran@klafterolsen.com
Email: alexis.castillo@klafterolsen.com

C. Andrew Head (to seek admission)

>Bethany A. Hilbert (to seek admission)
>HEAD LAW FIRM, LLC
>4422 N. Ravenswood Ave.
>Chicago, IL 60640
>Tel:  (404) 924-4151
>Fax: (404) 796-7338
>Email: ahead@headlawfirm.com
>Email: bhilbert@headlawfirm.com
>
>***Attorneys for Plaintiff and the Collective***